IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICHARD PRIDGEN, )
 )
      Petitioner, )
 )
v. ) 1:21CV136
 )
SHANTICIA HAWKINS, )
 )
      Respondent. )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Richard Pridgen, a prisoner of the State of North Carolina, brings a Petition [Doc. #1] seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which Respondent opposes with a Motion to Dismiss [Doc. #4] and Brief [Doc. #5]. According to the Petition, on April 21, 2015, in the Superior Court of Forsyth County, North Carolina, Petitioner was convicted by a jury one count of first-degree sexual offense with a child, two counts of indecent liberties with a child, and one count of rape of a child before being sentenced to two consecutive prison terms of 300 to 369 months. (Petition, §§ 1-6.) Petitioner pursued a direct appeal, but the North Carolina Court of Appeals affirmed his conviction and the North Carolina Supreme Court denied discretionary review on May 3, 2017. State v. Pridgen, No. COA16-75, 249 N.C. App. 235, 791 S.E.2d 652 (Table) (2016) (unpublished), rev. denied, 369 N.C. 569, 798 S.E.2d 751 (2017). Petitioner did not seek certiorari from the United States Supreme Court. Petitioner later filed a Motion for Appropriate Relief in the Superior Court of Forsyth County on August 9, 2019, which that court denied. (Respondent's Brief, Exs. 10,

11.) Petitioner then petitioned for a writ of certiorari from the North Carolina Court of Appeals, but that court denied the petition on December 21, 2020. (Petition, Exs.) Finally, on January 25, 2021, Petitioner signed his current Petition and mailed it to this Court. The Court received the Petition on February 19, 2021.

## Petitioner's Claim

Petitioner raises a single claim for relief in his Petition, which is that the trial court failed to conduct a proper hearing before allowing Petitioner to represent himself. Petitioner contends that this failure deprived the trial court of subject matter jurisdiction over his case. (Petition, § 12, Ground One.)

## Discussion

As stated above, Respondent filed a Motion to Dismiss. In that Motion, Respondent argues that Petitioner's claims were filed outside of the one-year limitation period, 28 U.S.C. § 2244(d)(1). In order to assess Respondent's argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

Turning first to subparagraph (A), a petitioner's one-year limitation period ordinarily commences under that provision on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court must examine when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended. Here, Petitioner pursued a direct appeal, with the North Carolina Supreme Court denying review on May 3, 2017. Because Petitioner did not seek review from the United States Supreme Court, his conviction became final when his time to do so expired on August 1, 2017. Petitioner's time to file in this Court under subparagraph (A) began to run on that date and expired a year later on August 1, 2018. It is true that properly filed attempts at collateral relief in the state courts toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, Petitioner's first attempt at collateral relief in the state courts came in August of 2019, just more than a year after his time to file in this Court expired. State filings made after the federal limitations period expires do not restart or revive the filing period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Petitioner's claims are out of time under subparagraph (A) and are time-barred unless they are timely under another provision.

Petitioner does not make any arguments that subparagraphs (B), (C), or (D) apply to provide him more time to file. Instead, he argues that his claim is one based on subject matter jurisdiction and that such claims can be raised at any time in North Carolina. Whether or not this is so, it makes no difference in this Court because all claims under § 2254 are subject to the statute of limitations described above. Petitioner did not file within the applicable time limits. Therefore, the Petition is untimely under § 2244(d)(1).

Petitioner also states that his Petition was timely filed because of delays created by the Covid-19 pandemic. As Respondent points out, that pandemic began well after Petitioner's time to file in this Court had already expired. Therefore, the pandemic cannot render the Petition timely. Respondent's Motion to Dismiss should be granted.

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss [Doc. #4] be granted, that the Petition [Doc. #1] be denied, that this action be dismissed, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 22nd day of November, 2021.

/s/ Joi Elizabeth Peake
United States Magistrate Judge